IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL WILLIAM DRIGGERS<br><br>　　　　Petitioner,<br>vs.<br><br>LOUIS WINN, WARDEN,<br><br>　　　　Respondent. | No. CV 09-0183-TUC-DCB (BPV)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, Paul William Driggers, who is confined in the Federal Correctional Institution-Tucson, filed a Petition for A Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2241 ("Petition")on March 31, 2009. (Doc. No. 1.) Petitioner raised four grounds for relief in the Petition.

Petitioner raises four grounds for relief in the Petition:

(1) Petitioner is punished and wrongfully deprived of good time credits, in violation of his due process rights, because he has a disability which prevents him from providing a urine sample within a 2-hour time limit;

(2) Petitioner was wrongfully deprived of good time credits and privileges;

(3) Petitioner is wrongfully punished because he cannot provide a urine sample or "pay a debt" to BOP; and

(4) Petitioner has been wrongfully designated as a "prior use" inmate, in violation of his constitutional rights.

Petitioner seeks restoration of his good time credits, to have his name taken off the "Prior Use" list, and to be randomly selected for drug testing like other inmates. The

District Court issued its initial screening order, dismissing Ground Three as repetitive, and calling for an answer from Respondents on Grounds One, Two, and Four of the Petition. (Doc. No. 3.)

On July 15, 2007, Respondents filed an answer explaining that, on June 9, 2009, Warden Winn took Petitioner off the suspect list for drug testing. (Doc. No. 9.) Additionally, on June 22, 2009, Discipline Hearing Officer Petricka conducted a re-hearing of Petitioner's incident report from FCI, Florence, Colorado for Refusing to Provide a Urine Sample and found that, based on Petitioner's Generalized Anxiety Disorder, it appears his refusal to provide a urine sample was not intentional. Based on this evidence, DHO Petricka expunged the incident report and restored the 41 days of Good Conduct Time which had previously been forfeited as a result of that incident report. (Answer, at 2-3.) Finally, a plan is in place to accommodate Petitioner's anxiety disorder in the event he is randomly selected to provide a urine sample, allowing Petitioner extra time in a dry cell if needed..

Respondent concludes that these corrective steps appear to address all three of Petitioner's requests for relief contained in his Petition. Respondents therefore request that the Court dismiss the petition as moot.

Petitioner agrees with Respondent's request that this case be dismissed, and agrees that he has been granted the relief requested. A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Although Petitioner suggests that the Court consider retaining ancillary jurisdiction until the expiration of Petitioner's term of incarceration, in the event Petitioner is transferred to another facility, or new supervisors or hires are unfamiliar with Petitioner's issue. A court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. *See Peacock v. Thomas*, 516 U.S. 349, 355 (1996)(citations omitted). Because

the Magistrate Judge recommends that this case be dismissed as moot, the Court would have no jurisdiction to assert over any ancillary claim.

Accordingly,

This Court recommends that the Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 09-0183-TUC-DCB**.

DATED this 31st day of August, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge